# In the United States Court of Federal Claims

No. 15-663C
(Filed October 26, 2016)
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * *  *
                                      *
                                      *

**OXFORD DEVELOPMENT CO.,**     *
                                      *

             Plaintiff,      *
                                      *

     v.                          *
                                      *

**THE UNITED STATES,**      *
                                      *

             Defendant,    *
                                      *

    and                         *
                                      *

**CAMBRIDGE HEALTHCARE**   *
**SOLUTIONS PA LP,**       *
                                      *

        Defendant-intervenor.   *
                                      *

* * * * * * * * * * * * * * * * * *

## ORDER

      The above-captioned case was a bid protest brought by Oxford Development Co. (Oxford). Judgment was entered in favor of the government and defendant-intervenor Cambridge Healthcare Solutions PA LP (Cambridge or intervenor), on the basis of an oral ruling. *See* Order (Aug. 26, 2015). After a transcript including the oral ruling was filed under seal due to the protective order in this case, Oxford and Cambridge each filed a notice of intent to request redaction --- mistakenly believing that the court's transcript redaction policy, designed for the protection of the personal information identified in Rule 5.2(a) of the Rules of the United States Court of Federal Claims, applied to proprietary and other competition-sensitive information. *See* Order (Sept. 10, 2015). The Court pointed out this error, and ordered that any redaction requests be made to the Court, in a document containing any necessary justifications. *Id.* at 1–2. The government and the intervenor have

each submitted such requests.[1]  *See* Def.-Intervenor's Request for Redactions (Int.'s Request), ECF No. 54; Def.'s Request for Redactions (Def.'s Request), ECF No. 55.

The parties have requested redactions in the following five categories: (1) information about the identities of investors in, and key employees of, an offeror; (2) information regarding the business model of intervenor; (3) information concerning the financial condition of the offerors and the agency's evaluations thereof; (4) the technical scores of the offerors and information regarding the scoring system used by the agency in this procurement; and (5) the identities of agency evaluators involved in the procurement.  Pl.'s Requests at 2–3; Int.'s Request at 1–2; Def.'s Request at 1–2.  These requests must be viewed in light of the "presumption of public access to judicial records," *Baystate Techs., Inc. v. Bowers*, 283 F. App'x 808, 810 (Fed. Cir. 2008), which may extend to "materials on which a court relies in determining the litigants' substantive rights," *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986).  This common law presumption rests on the notion "that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system." *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 9–10 (1st Cir. 1998) (citation and internal quotation marks omitted); *see also Baystate Techs.*, 283 F. App'x at 810 (same); *Madison Servs., Inc. v. United States*, 92 Fed. Cl. 120, 131 (2010) (same).

The Supreme Court, however, has recognized that this right "is not absolute," and may not allow access to "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); *see also In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1332–33 (D.C. Cir. 1985) (citing *Nixon*, 435 U.S. at 597–98; *Linc Gov't Servs., LLC v. United States*, 96 Fed. Cl. 672, 723-25 (2010) (noting that the private interest in preventing a competitor from obtaining an unfair competitive advantage can overcome the public interest in having judicial records be available to the public).  Accordingly in this case, as in most bid protests, a protective order was entered covering "information that must be protected to safeguard the competitive process, including source selection information, proprietary information, and confidential information."  Am. Prot. Order ¶ 1 (Aug. 3, 2015).  Such an order does not indiscriminately preclude disclosure of all information contained in proposals and evaluation documents, as only information that is "competition-sensitive or otherwise protectable" may be protected.  *Id.* at 1.

---

[1]  Plaintiff's notice of its intent to request redaction was accompanied by a list of requested redactions that lacked any reasoned justification other than the prefatory, conclusory statement that the list consisted of "source selection information, proprietary information, and confidential information."  Pl.'s Notice of Intent to Request Redaction (Pl.'s Requests), ECF No. 50, at 2–3.  All but one of these requests were repeated, with some explanation, by one of the other parties.

In the first category of proposed redactions are the identities of the financial backers and key personnel of the intervenor. This sort of proprietary information is routinely protected, in the absence of any reasoned opposition.

The second category of proposed redactions relate, broadly speaking, to the intervenor's business model. While it is commonplace for the details of an offeror's particular proposed approach or solution to be found competition-sensitive and thus eligible for redaction, many factors should be considered by a court in making this determination. These include whether the information is general or specific; whether the approach is common or innovative; whether the procurement is on-going; whether the approach has been revealed through performance; and whether the opinion is rendered unintelligible absent the information. *See*, *e.g.*, *InSpace 21 LLC v. United States*, No. 15-364C, 2016 WL 4611057, at *1 (Fed. Cl. Sept. 6, 2016).

In this build-to-suit lease procurement, neither of the redactions requested by the intervenor, relating to its business model, concern competition-sensitive information. One is the particular role in the construction of the facility that was to be performed by one of Cambridge's affiliates. This information could hardly advantage any of the intervenor's competitors --- as, unlike the case of key personnel, there is no risk that its affiliated entities may be recruited by other offerors. The other request concerns the intervenor's affiliates' use of single-purpose entities in real estate development. Far from proprietary, this is a common practice that is discussed in even heavily-redacted bid protest opinions, *see*, *e.g.*, *CESC Plaza Ltd. P'ship v. United States*, 52 Fed. Cl. 91, 92 (2002), and was the approach used by the original awardee in this procurement, *see Ameriserv Trust v. United States*, 125 Fed. Cl. 733, 738 (2016). Moreover, the issues relating to past performance and small business status would be incomprehensible without the knowledge that the intervenor was a one-off entity.

The third category of requested redactions involves the financial resources at the offerors' disposal and the agency's evaluation of their adequacy. With respect to specific financial information --- such as the dollar amounts of equity or loan contributions, or the identity of a third party offering a loan --- this is confidential information which could unfairly advantage competitors, and is not necessary to understand the Court's decision. The agency's evaluations, however, are an entirely different matter. *See, e.g., CBY Design Builders v. United States*, 105 Fed. Cl. 303, 308 n.1 (2012) (denying request to redact adjectival ratings). The assessments of the relative strengths and weaknesses of proposals are typically at the heart of a bid protest, and are the product of the agency, not the offerors. No reason has been given to justify the removal of references to the evaluators' findings concerning the financial conditions of Oxford and Cambridge.

The fourth category relates to the scores awarded to the offerors and the scoring scale used by the agency. The scores given offerors' proposals are rarely, if

ever, protected. *See Tech Systems, Inc. v. United States*, No. 10-877C, 2011 WL 4374008, at \*1 (Fed. Cl. Sept. 19, 2011) (rejecting request that evaluation scores be redacted). The Court supposes it is possible that in an on-going procurement, knowledge of the value attached to a particular feature could be akin to finding the answer key for an examination. But nothing of the sort is involved here. The mere mention of the government's use of a fifty-point scale in evaluating technical factors reveals nothing to the advantage of future offerors. The agency's peculiar decision to convert prices to points using the same scale could have been problematic had the rankings been different and had the points been dispositive rather than used for guidance. Knowledge that such an approach might be followed cannot possibly advantage an offeror. And the fact that three points were awarded for small business status could not affect the bidding strategy of any offeror --- you are either small or you're not. The requests of the plaintiff and the government to redact such information are unfounded.

Similarly, the requested redaction, by both Oxford and Cambridge, of the technical point scores that each received is unwarranted. These numbers reveal nothing about the proposals themselves, but are instead artifacts of the evaluation process. Even were the procurement on-going, knowledge of these overall scores could not advantage a competitor.[2]

Falling in the final category of requested redactions are the names of the agency evaluators. The identities of procurement personnel may sometimes be protected when the source selection process is on-going, *see CBY Design Builders*, 105 Fed. Cl. at 308 n.1 (allowing redaction of names of "agency personnel with continuing roles in the source selection"), but not otherwise, *see L-3 Commc'ns Corp. v. United States*, 99 Fed. Cl. 283, 285 n.1 (2011) (finding redaction of "the name of an individual involved in the procurement" to be unjustified); *Tech Systems, Inc. v. United States*, 98 Fed. Cl. 228, 228–29 n.1 (2011) (not redacting "the names of certain individuals involved in the procurement"). The procurement at issue has been concluded, and thus there is no risk of improper contact with the evaluators. The parties have not provided any reason why these identities must be kept secret, and the requests are accordingly denied.

For the reasons stated above, the names of key employees, investors and other third party sources of funds shall be redacted from the transcript of the Court's oral ruling, as well as the dollar amounts of various loan or equity

---

[2] Even less understandable is the request, made solely by plaintiff, to remove from the Court's oral decision the recognition that plaintiff's technical score would have been "better" than the intervenor's had a certain adjustment been made. Showing such prejudice is the very point of a bid protest. *See Bannum, Inc. v. United States*, 404 F.3d 1346, 1358 (Fed. Cir. 2005).

contributions.  All other redaction requests are denied.  A separate order shall be issued under seal, specifically directing the court reporter to make the above-described redactions.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge